```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


DANIEL BENDER,                    )
                                  )
              Plaintiff,          )
                                  )
         v.                       )     No. 4:07-CV-313 CAS
                                  )
MICHAEL ASTRUE,                   )
                                  )
              Defendant.          )
```

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Daniel Bender for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff brings this action against Michael Astrue because he is "[u]nable to enforce civil rights." Plaintiff does not state what relief (if any) he seeks against defendant Astrue.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short plain statement of the claim showing the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Plaintiff's complaint fails to set forth either the grounds for his claim that he has been denied his civil rights by the defendant or

a demand for relief.[1]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

						_____
						**CHARLES A. SHAW**
						**UNITED STATES DISTRICT JUDGE**

Dated this __19th__ day of June, 2007.

---

[1]The Court notes that plaintiff has cited to 28 U.S.C. § 1443, which concerns the removal of actions from state court to federal court. Here, however, there appears to be no underlying state court action. Therefore, this statutory section appears to have no relevance to this case.